’•‘Birchard, J.
The proof of the payment of $400 of the. purchase money by Woods is clear. The express trust set forth in *389 the original bill, is substantially proved, if the deposition of A. Pence is to be received as evidence. That is objected to, on the ground that he can not deny the validity of his mortgage, and ■that, as one of the respondents, his testimony is not competent, inasmuch as it was taken without an order of the court directing his examination. To this last objection it may be said that it ■comes too late after cross-examination, and especially when we first hear of it on the final argument. It is an objection only to the regularity of the proceeding, and should have been made within a reasonable time. It is not reasonable to allow a party to lie by without objection until a case is submitted to a court of last resort, and then sustain an objection of this nature. There is nothing in the objection to the competency of Pence. He had filed his disclaimer before he was sworn, and, although the circumstances in which we find him placed, by his own conduct, might well impair his credit, yet, corroborated as he is by other proof, we believe he took the assignment of the article as trustee, in the manner stated by the bill.
The next objection is, that the assignment of the contract by Woods, being absolute, the statute of frauds will not permit it to be varied by a contemporaneous parol agreement. The statute of frauds was designed to establish a wholesome rule of evidence. But there are several exceptions which may take a case out of the statute, and leave the contracts of the parties to be enforced in the same manner as if it were never enacted; as when the plea of the statute, if allowed, would consummate a fraud. Such would be this case, if the statute operated to defeat these heirs, who were defrauded by Pence’s neglecting to convey to them their several interests in these lands, and by his mortgaging the same as his own property, in violation of their rights as cestuis que trust. Pence has, however, admitted the trust on oath, and does not rely upon the statute. As against him, the court could and would decree on this admission. Story’s Eq. 590. The same rule will apply to these ^holding under him, with notice of the trust prior to the assignment of the legal title. This is the condition of the respondents, Dille and Eiley, unless it be found, as claimed by them, in the next place, that Pence, at the time of the execution of his mortgage to the Messrs. Brice & Co., had a legal title to the premises. It is certain that the deed of Mrs. Beatty only transferred title to her dower estate, and that the fee still remains *390 in the heirs of Erkurius Beaty, unless the possession of Woods & Pence, prior to the mortgage, had ripened into a good title by lapse of time.
James R. Stanbery, for complainants.
H. H, Hunter and H. Stanbery, for defendants.
This question should be tested in the same manner it would' have been in an action of ejectment brought .by the heirs of Beaty against Pence at the time this bill was filed. If Pence could have defended such an action at law, then the defendant, Dille, could avail himself of the possessory title here. How are-the facts? Woods entered under a contract in 1811, and thereby acknowledged the title of Beaty. Pence entered under Woods in--1824, and, after that, paid $190 of the purchase money to Beaty, thereby treating Beaty as the owner, and acknowledging his holding under him. When did the possession become adverse to-the heirs of Beaty? Not while it was consistent with their title. The case of Boone v. Chiles, 10 Pet. 177, we apprehend,. does not sustain the position contended for by the respondents-But even if the court had held, that possession, under a contract of sale, in a case like this, could become adverse to the vendor at any time while the purchaser was claiming the benefit of his contract, and making payments upon it, we should feel constrained to say that such rule would be different from what has heretofore-been held in this state by our own court; and, upon the authority of that able and enlightened tribunal, we should hold that the-construction put by our own court, upon a statute of Ohio, is the-highest evidence of what is the law of this state.
What protection the law affords to bona fide purchasers, for valuable consideration, without notice, has been much discussed by counsel. But as between these complainants and the respondents. Dille and Riley, that question does not arise. *Each party is without a legal title. As between equities the eldest is preferred, and, therefore, the trust estate of complainants, which dates from 1824, must prevail over any equity arising under the-mortgage of 1831. Decree for complainants.